# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-749-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance and supplemental security income benefits. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his applications for disability insurance and supplemental

security income benefits on September 19, 2006, alleging that he became disabled as of July 27, 2006, due to COPD, pulmonary artery disease, asthma, and hypertension. Tr. 53, 111-15, 116-22, 132, 136.[1] The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 60, 61-62, 63, 64, 65-69, 70-73, 79-81, 82-84. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on May 21, 2008. Tr. 5-49, 85. Plaintiff appeared in person with his non-attorney representative, and offered testimony in support of his applications. Tr. 7, 10-35. A vocational expert also testified at the request of the administrative law judge. Tr. 35-47, 107. The administrative law judge issued his decision on November 24, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act and was thus not entitled to benefits. Tr. 50-52, 53-59. Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated May 14, 2009, denied his request. Tr. 1-3. Thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[2] independently determine whether the [administrative law judge's]

---

[1] In his application for supplemental security income benefits, Plaintiff alleged a disability onset date of January 1, 2003, but he testified he last worked on July 27, 2006. Tr. 12, 116.

[2] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases.

decision is "free from legal error and supported by substantial evidence."Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments."An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a

---

Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

### III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. Tr. 54-55. He first found that Plaintiff had not engaged in substantial gainful activity since July 27, 2006. Tr. 55. At steps two and three, the administrative law judge found that Plaintiff suffered from COPD, GERD, osteoarthritis, and depression, and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 55. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a limited range of sedentary work. Tr. 55-56. The administrative law judge found at step four of the sequential evaluation process that Plaintiff could not perform any of his past relevant work. Tr. 57. At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, he further found that a person with Plaintiff's residual functional capacity and vocational factors could perform work as surveillance system monitor, final assembler, and finisher/fabricator, and that Plaintiff was therefore able to make a successful adjustment to other work that exists in

significant numbers in the national economy. Tr.58. Accordingly, the administrative law judge found that Plaintiff was not disabled and was not entitled to benefits. Tr. 58-59.

## IV. DISCUSSION

Plaintiff raises one primary issue on appeal.[3] He contends that the administrative law judge failed to properly consider the opinion of his treating physician that his impairments were so severe that he could not work on a regular and continuing basis and would not be a reliable worker. Plaintiff's Opening Brief, 6-12.

The Commissioner argues that the opinion of Dr. Thompson regarding Plaintiff's limitations was properly rejected, and/or that Dr. Thompson was only an examining physician rather than a treating physician, but never directly addresses Plaintiff's claim that the administrative law judge failed to apply the correct legal standards in evaluating Dr. Thompson's opinion. Commissioner's Brief, 3-7.

Treating source medical opinions are entitled to deference, and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing his review of such opinions. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves

---

[3]Plaintiff correctly contends that the administrative law judge failed to utilize the Psychiatric Review Technique, but he does not develop this argument. Plaintiff's Opening Brief, 3.

5

controlling weight. Id. Controlling weight must be given if the opinion is both supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300. Further, the administrative law judge must give good reasons in the decision for the weight he ultimately assigns to the opinion. Id. at 1301. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

Id. (internal quotation marks omitted). Although the decision need not include an explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir.2007). The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight. SSR 96-2p, 1996 WL 374188, at *5. Finally, if the administrative law judge rejects the opinion completely, he must give "specific, legitimate

6

reasons" for doing so. Watkins, 350 F.3d at 1301.

In the decision now under review, the administrative law judge failed to properly analyze the opinion of Dr. Thompson regarding Plaintiff's limitations. The administrative law judge characterizes Dr. Thompson as an "examining" physician, but makes no explicit finding that Dr. Thompson is or is not a "treating physician." Tr. 56. Dr. Thompson stated that Plaintiff had been a patient of his at the Clinton Indian Health Center about one year. Tr. 284. Further, the record confirms that Plaintiff was under Dr. Thompson's care for about a year at the Clinton Indian Health Center – where he had been treated by various other physicians since the 1980s. Tr. 25-26, 280, 282, 284-85, 287. Although the Commissioner has attempted on a post hoc basis to apply factors justifying rejection of Dr. Thompson's opinion, and while there may be legitimate reasons for doing so, the administrative law judge's failure to indicate either the weight he gave it or the reasons therefore requires reversal. As noted in Watkins:

> Here, the [administrative law judge] failed to articulate the weight, if any, he gave [the treating physician's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether. We cannot simply presume the [administrative law judge] applied the correct legal standards in considering [the treating physician's] opinion. We must remand because we cannot meaningfully review the [administrative law judge's] determination absent findings explaining the weight assigned to the treating physician's opinion.

350 F.3d at 1301. Furthermore, regardless of whether Dr. Thompson qualifies as a treating physician, the administrative law judge must utilize the applicable standards to assess the doctor's opinion. See 20 C.F.R. §§ 404.1527(d); 416.927(d) (2008) ("Regardless of its

7

source, we will evaluate every medical opinion we receive."); Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003) (holding that even when an examining doctor is not considered a "treating physician," the administrative law judge must "provide specific, legitimate reasons for rejecting" the opinion (citation omitted)). Accordingly, it is recommended that this matter be reversed and remanded for consideration of Dr. Thompson's opinion under the applicable standard.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge failed to apply the applicable legal standards in reaching his determination. Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 1, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of February, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE